FILED 15 JUN '11 15:30 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRENDA D. CHURCH, fka
Brenda D. Slavin,

    Plaintiff,

v.

ONEWEST BANK FSB, a Federal
Savings Bank, DBA IndyMac Bank,

    Defendant.

Civil No. 10-1057-HU

ORDER

HAGGERTY, District Judge:

    Magistrate Judge Hubel issued a Findings and Recommendation [17] in this action recommending denial in part of defendant's Motion to Dismiss [9] and granting the motion insofar as it pertains to plaintiff's claim under 15 U.S.C. § 1692e(2)(A). The Magistrate Judge also recommended denying the alternative request for a stay of this action.

    Defendant filed Objections [19], which are the subject of this Order. When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Defendant's Objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations as well as the entire record. The Findings and Recommendation is adopted.

1 -- ORDER

## BACKGROUND

Magistrate Judge Hubel provided an extensive factual summary of this matter. In this action, filed September 7, 2010, plaintiff advances claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and a claim under Oregon's corollary statute, the Oregon Unfair Debt Collection Practices Act (OUDCPA), Oregon Revised Statute (ORS) §§ 646.639-646.643. One week earlier, on August 31, 2010, plaintiff filed a Complaint in Bankruptcy Court against defendant seeking compensatory and punitive damages related to defendant's alleged violation of the Bankruptcy Court's discharge injunction. In both actions plaintiff asserts that in early December 2009, IndyMac Mortgage Services and IndyMac Bank (hereinafter collectively referred to as INMC) initiated improper collection activities against her. Plaintiff alleges in the bankruptcy proceeding that the collection activities violated that court's Discharge Order and an Automatic Stay imposed in the case. Plaintiff alleges in this case that the collection activities violated the FDCPA and the OUDCPA.

Defendant sought dismissal of this action on grounds that the Bankruptcy Code preempts plaintiff's claims because the Code provides the exclusive remedy for claims relating to a discharged debt. Plaintiff responded that preemption was rendered inapplicable because, in part, resolving plaintiff's claims "requires no 'bankruptcy-laden' decisions." Findings and Recommendation at 14. The Magistrate Judge agreed partially, recommending dismissal of only plaintiff's claim under 15 U.S.C. § 1692e(2), alleging that defendant violated the FDCPA by falsely representing the character, amount, or legal status of the alleged debt. Resolution of this claim "depends on the legal status of plaintiff's debt, which is determined only by reference to the Bankruptcy Code," and thus requires interpretation of the Bankruptcy Code, and is precluded.

Findings and Recommendation at 14-15. However, because plaintiff's remaining FDCPA and OUDCPA claims do not depend on the Bankruptcy Code, they do not interfere with the remedial scheme of the Bankruptcy Code and are not precluded. *Id.* at 15 (citation and quotation omitted).

Accordingly, the Magistrate Judge recommended granting in part and denying in part defendant's motion to dismiss. Defendant objects.

## ANALYSIS

Defendant's Objections reiterate its view that plaintiff is on a quest for a double recovery, and is wasting judicial resources by prosecuting two lawsuits arising from the same set of facts. Defendant argues that when plaintiff "chose to seek bankruptcy relief and the debt protections that bankruptcy affords, she also chose to accept the burdens and remedies that the bankruptcy provides with respect to those debts," and should not be permitted to simultaneously recast her claims as FDCPA claims. Objections at 3. Defendant contends that the bankruptcy discharge injunction addresses every type of collection activity against a discharged debt (regardless of whether the collection activities are "bankruptcy laden" or not), and by providing a remedy for collection activities, precludes debtors from pursuing other remedies to redress their claims.

As it also argued before the Magistrate Judge, defendant asserts that the decision in *Walls v. Wells Fargo Bank, N.A.*, should persuade this court to conclude that plaintiff's claims in this action are preempted. 276 F.3d 502 (9th Cir. 2002). The plaintiff in *Walls* received a Chapter 7 bankruptcy discharge and subsequently sued a creditor for trying to collect a discharged debt. *Id.* at 504. The plaintiff alleged violations of the bankruptcy court's discharge order, as well as violations of the FDCPA. *Id.* The Ninth Circuit held that the FDCPA claim was preempted because the only remedy for violations of a bankruptcy discharge order is civil contempt under

3 -- ORDER

11 U.S.C. § 105, and allowing the FDCPA claim to proceed would permit "through the back door what [plaintiff] cannot accomplish through the front door – a private right of action." *Id.* at 510.

In this action, however, plaintiff is not directly alleging a violation of the bankruptcy discharge order. In this case, plaintiff alleges claims that are independent of the Bankruptcy Code. Plaintiff alleges, among other things, that INMC violated the FDCPA by:

* contacting plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to plaintiff in violation of 15 U.S.C. § 1692c(a)(1);

* contacting plaintiff directly after being advised that plaintiff is represented by counsel in violation of 15 U.S.C. § 1692c(a)(2);

* contacting plaintiff after being notified to cease further communications in violation of 15 U.S.C. § 1692c(c);

* falsely representing the character, amount or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2);

* failing to disclose in the initial written communication with plaintiff that the debt collector is attempting to collect a debt and that any information will be used for that purpose in violation of 15 U.S.C. § 1692e(11); and

* failing to issue an appropriate validation notice in violation of 15 U.S.C. § 1692g.

Complaint at ¶ 19.

Plaintiff also alleges that INMC violated the OUDCPA by:

* communicating with plaintiff repeatedly or continuously or at times known to be inconvenient to that person with the intent to harass or annoy the debtor in violation of ORS 646.639(2)(e); and

* communicating with plaintiff without clearly identifying the name of the debt collector, the name of the person, if any, for whom the debt collector is attempting to collect the debt and the debt collector's business address on all initial communications in violation of ORS 646.639(2)(h).

Complaint at ¶ 26.

As a consequence of these alleged statutory violations, plaintiff seeks in this case to recover damages and attorney fees. Notwithstanding the factual similarities between this action and plaintiff's Bankruptcy Court action (in which plaintiff relies upon related allegations to seek contempt damages and sanctions for purported violations of 11 U.S.C. §§ 362(a), 524(e), and 1328(a)), the basis of liability in plaintiff's action in this case is different that the basis in plaintiff's bankruptcy discharge. In light of the different legal theories advanced – and the different remedies sought – in each of plaintiff's cases, allowing plaintiff to proceed with this action does not circumvent the remedial scheme of the Bankruptcy Code, and bankruptcy preemption is inapplicable. *See Thomas v. U.S. Bank, N.A.*, No. CV 05-1725-MO, 2007 WL 764312, at *8-*9 (D. Or. Mar. 8, 2007).

This court has considered defendant's argument that reliance upon *Thomas* is misplaced because although this court determined in *Thomas* that the plaintiffs' OUDCPA claim was not precluded by the Bankruptcy Code, the Bankruptcy Court subsequently declared that the plaintiffs' bankruptcy claim was "precluded by virtue of the outcome of the earlier litigation in the U.S. District Court." *Thomas v. U.S. Bank*, No. 09-3248-elp, 2010 WL 1257595, at *1 (Bankr. D. Or. Mar. 25, 2010) (*Thomas II*). The (possible) eventual applicability of the kind of claim preclusion addressed in *Thomas II*, and the scope of the possible merits of that decision, are aspects that fail to diminish the propriety of the Findings and Recommendation that is presently before this court.

This court has also reviewed Magistrate Judge Hubel's denial of defendant's alternative request that this action be stayed pending the Bankruptcy Court's disposition of plaintiff's

contempt action. Plaintiff correctly asserts that this motion for a stay can be modified or set aside only if clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 USC § 636(b)(1)(A). Under either this appropriate standard, or after *de novo* review, denial of the stay request is adopted. This court agrees with the Magistrate Judge that plaintiff's statutory claims exist independently of the bankruptcy matter and that a request to stay this action is unwarranted.

## CONCLUSION

The Findings and Recommendation [17] is adopted in its entirety. Defendant's Objections [19] are overruled, and defendant's Motion to Dismiss or Alternatively for a Stay is denied except as to plaintiff's claim under 15 U.S.C. § 1692e(2)(A).

IT IS SO ORDERED.

Dated this 15 day of June, 2011.

_____
Ancer L. Haggerty
United States District Judge